Lori N. Brown, Esq. (SBN 8858)
**GORDON REES SCULLY MANSUKHANI, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
Email: lbrown@grsm.com

-AND-

Peter E. Strniste, Jr., Esq. (NY Bar No. 5373188)
**GORDON REES SCULLY MANSUKHANI, LLP**
One Battery Park Plaza, 28th Floor
New York, NY 10004
Telephone: (212) 269-5500
Facsimile: (212) 269-5505
Email: pstrniste@grsm.com
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOXABL INC., | Case No.: 2:23-cv-00760-CDS-VCF |
| Plaintiff, | **PLAINTIFF'S MOTION TO SERVE BY PUBLICATION AND EMAIL AND TO EXTEND TIME TO SERVE AMENDED COMPLAINT** |
| v. | |
| YANNI TASSEV a/k/a IANI TASSEV | |
| Defendant. | |

Plaintiff, Boxabl, Inc. ("Boxabl" or "Plaintiff") by and through its undersigned counsel, brings this Motion seeking an Order: (i) extending Plaintiff's time to complete service of the Summons and Verified Amended Complaint (ECF No. 15, "Complaint") to and including January 31, 2024; and (ii) permitting Plaintiff to serve the Summons and Complaint by alternate means of email service, text message and/or newspaper publication as stated in the Plaintiff's Proposed Order, filed herewith. This motion is made based upon all the pleadings and records on file for this proceeding, together with the Declaration of Peter E. Strniste, Jr., Esq. dated July 26, 2023, ECF No. 36.1 & 36.2 ("Strniste Decl."), and Supplemental Declaration of Peter E. Strniste

Jr. Esq. filed herewith ("Strniste Supp. Decl.") along with the points and authorities set forth directly below.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      STATEMENT OF FACTS AND PROCEDURAL HISTORY**

This is an action involving claims of Breach of Contract; violation of the Computer Fraud & Abuse Act, 18 U.S.C. § 1030, *et seq.*; violation of the Defend Trade Secrets Act, 18 U.S.C. § 1831, *et seq.*; Conversion; Unjust Enrichment; Breach of the Covenant of Good Faith and Fair Dealing; and a demand for temporary and permanent injunctive relief, stemming from, *inter alia*, Tassev's forgery and exchange of unregistered exempt purported Boxabl stocks via email to purported unexpecting investors of Boxabl by having each purported investor wire funds to his private bank accounts. *See* Complaint (ECF No. 15).

Boxabl commenced this matter in the United States District Court for the Southern District of New York, Civil Action Number 1:23-cv-3531, by filing a Verified Complaint on or about April 28, 2023. (ECF No. 9); see also (ECF No. 1). This matter was subsequently transferred to the District of Nevada on May 15, 2023. (ECF No. 12).

Following transfer of this matter to the District of Nevada, the undersigned counsel for Boxabl, began compiling all necessary documents and information to accompany their Petitions for Permission to Practice Pro Hac Vice. Counsel for Boxabl then filed certain Requests for Issuance of Summonses, which Summonses were issued on July 12 and 13, 2023. (ECF Nos. 32, 33).

Promptly following issuance of the aforementioned Summonses, counsel for Boxabl arranged for attempted service of the Summonses and Amended Verified Complaint upon Tassev. (Strniste Dec., ¶ 6). Service of Tassev at the Nevada address listed in his Employment Application with Boxabl was attempted unsuccessfully three times, on July 13, 18, and 19, 2023. (*Id.*, ¶ 7). The process server reported as follows with respect to the subject service attempts:

    i. Unsuccessful Attempt: Jul 13, 2023, 7:39 pm PDT at 5125 W. Reno Ave Apt. 2037, Las Vegas, NV 89118. Community gate is broken. Shoe rack and Broom outside the door. Blinds are closed. Knocked multiple times. No movement, no noise, no answer.

    ii. Unsuccessful Attempt: Jul 18, 2023, 11:43 am PDT at 5125 W. Reno Ave. Apt. 2037, Las Vegas, NV 89118. Blinds closed. No lights. Door gate open. Broom and show [*sic*.] rack outside. Knocked multiple times. No noise. No answer.

    iii. Unsuccessful Attempt: Jul 19, 2023, 8:14 am PDT at 5125 W. Reno Ave. Apt. 2037, Las Vegas, NV 89119. Gate is fixed. Followed someone through. No change. Cannot access side of unit to see subject's balcony because it is the downstairs neighbors' property.

(Strniste Dec., ¶ 7). Further, service of Tassev at an address he was previously known to reside at, 1832 127th St., College Point, New York, 11356, was attempted unsuccessfully on July 14, 2023. (*Id*., ¶ 8, *see also* Strniste Dec., Ex. A). Additionally, service of Tassev at an address where he was previously known to reside, 15 Pond Dr. W, Rhinebeck, New York, 12572, was attempted unsuccessfully on July 18, 2023. GRSM was advised that a neighbor to the aforementioned Rhinebeck, New York address informed the process server that Tassev does not reside at such address. (Strniste Supp. Decl. ¶ 4, Ex. A).

Counsel for the Plaintiff (also "GRSM") conducted a public records search via its vendor, TLOxp (owned by TransUnion), on July 21, 2023, the results of which listed 5125 W Reno Ave., Apt. 2037, Las Vegas, NV as a current address for Tassev. (*Id*., ¶ 8).

On August 8, 2023, GRSM engaged the services of a detective agency to conduct surveillance at the Nevada address listed in Tassev's Employment Application with Boxabl, 5125 W. Reno Ave., Apt. 2037, Las Vegas, NV 89118, in an effort to serve him with the Complaint and Emergency Motion. (Strniste Supp. Dec., ¶ 5). The surveillance team reported as follows

with respect to their services:

    i. 8/10/23 at 3:30 p.m. – 8:00 p.m. - 5125 W. Reno Ave, #2037 Las Vegas, NV 89118: Arrived at 3:30 gated property, subject last name is not listed in directory. Waited for about 5 minutes to gain access. No leasing office found only club house. At building #11 I found a parking spot on front of entrance by the stairs and garages for this side of building. When I was checking to confirm the unit number noticed the security door was open, no answer, no activity. Surveilled the property but no one came in or out of unit. The next-door neighbor came to his unit sat 6:45 p.m. no one else, was seen on the second floor. At 7:55 approached the door, no answer, no activity, no lights on inside, try also next-door neighbor, no answer. I left at 8pm. Our field agent was unable to make contact with occupants on first efforts. No persons were seen during our investigation. We will continue our efforts and keep you updated on our progress.

    ii. 8/12/23 at 7:00 a.m. – 9:40 a.m. - 5125 W. Reno Ave, #2037 Las Vegas, NV 89118: Waited at gate for 15 minutes to gain access. Once at property security gate remains open, no activity. I surveilled until 9:40 am, no one seen going in or out of apartment, or any of the garages on this side of building. I knocked on door at 9:40 no answer, no activity. Left marker in the door.

    iii. 8/15/23 5:00 p.m. – 8:00 p.m.- 5125 W. Reno Ave, #2037 Las Vegas, NV 89118: Arrived at gate at 5pm waited ag gate for 5 minutes, found same spot in front of garages and in front of the stairs. No activity security/metal gate still open. The marker I left a in the door it still there. I surveilled until 8pm. I knocked on door, no answer, no activity, all lights remained off, no

-4-

one in or out of property.

(Strniste Supp. Decl., ¶ 5).

On or about October 9, 2023, GRSM conducted a further public records search via its vendor, TLOxp (owned by TransUnion), the results of which again listed 5125 W Reno Ave., Apt. 2037, Las Vegas, NV as a current address for Tassev. (Strniste Supp. Decl., ¶ 6). On October 9, 2023, the surveillance team GRSM retained made a further unsuccessful attempt to serve Tassev with the Summons and Complaint at the above-referenced Las Vegas address. (Strniste Supp. Decl., ¶ 6).

Also on or about October 9, 2023, Boxabl through counsel issued a subpoena to RNN Group, Inc., a company that contacted Boxabl in September 2023 with an employment verification request about Tassev, to attempt to acquire a current residential or employment address of Tassev. (Strniste Supp. Decl., ¶ 7). In response, Boxabl was informed by RNN's counsel that RNN was not in possession of any discoverable documents that were responsive to Boxabl's request. (Strniste Supp. Decl., ¶ 7). Following further communications between Boxabl and RNN through counsel since the date of the last hearing in this matter on October 25, 2023, RNN amended its subpoena response on November 27, 2023 to provide the identity of its client conducting the verification request and to provide an address associated with Tassev that was provided by RNN's client. (Strniste Supp. Decl., ¶ 7). The supplemental response indicated to Boxabl that the verification request was made by an entity who appeared to be a debt collector also likely in search of Tassev rather than a prospective employer of Tassev likely to be in possession of more reliable information. (Strniste Supp. Decl., ¶ 7).

Immediately on November 27, 2023 and notwithstanding the above, Boxabl attempted to effectuate service upon Tassev at the new address provided by RNN, which was 2313 Prometheus Ct., Henderson, NV 89074-5325. (Strniste Supp. Decl., ¶ 8). The process server observed this Prometheus Ct. address to be a "Bad Address" for Tassev and described the property as "Guard

gated community, security guard at main entrance told me the subject is not listed as owner, occupant or visitor on this property, at front door per Asian American female, told me over the glass door subject doesn't live in this property. Packages for [*unrelated last name, omitted for privacy*] by front door." (Strniste Supp. Decl., ¶ 8).

Tassev has kept his location concealed, so to avoid discovery. Plaintiff suspects through information obtained through social media and in communications with personnel from the Federal Bureau of Investigations (FBI) who were also investigating Tassev, that Tassev may have returned to his home country, Bulgaria. Tassev has ceased responding to Plaintiff's attempts at contacting him. (Strniste Dec., ¶ 11).

Tassev affirmatively provided Boxabl with contact email addresses of iani.tassev@me.com; and Iani.tassev@gmail.com and a cell phone number of (917) 912-9522. (*See*, Complaint, ECF No. 15, Exhibit E, p. 7). Boxabl is also aware of an additional email addresses believed to have been used by the Tassev as a personal email address, yanni@3nerji.com. (Complaint, ECF No. 15, ¶ 25). These methods of contacting Tassev are believed to be reliable as set forth further below.

## II.    ARGUMENT

**A.    Boxabl Should be Permitted to Serve Tassev by Email and Text Message and/or by Publication**

Boxabl seeks permission from the Court to serve Tassev with the Summons and Complaint in this action by publication and email, rather than by other means such as personal service. Pursuant to Fed. R. Civ. P. 4(e), service upon an individual defendant may be effectuated in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effectuated. Service by an alternative service method is permissible under Nevada law under certain circumstances:

      b.   **Court-Ordered Service**.

> 1. If a party demonstrates that the service methods provided in Rules 4.3, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished by any alternative service method.

Nev. R. Civ. P. 4.4 (b).

Service by publication is permissible under Nevada law under the following circumstances:

> c. **Service by Publication**. If a party demonstrates that the service methods provided in Rules 4.3, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
> 1. **Conditions for Publication**. Service by publication may only be ordered when the defendant:
>    A. Cannot, after due diligence, be found;
>    B. By concealment seeks to avoid service of the summons and complaint; or
>    C. Is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).

Nev. R. Civ. P. 4.4 (c).

### i.  **Email and Text Message:**

Service by an alternative service method such as email or text message is permissible under Nev. R. Civ. P. 4.4 to the extent the party seeking an order for alternative service: (1) demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4 (a) are impracticable; (2) provides evidence that due diligence was undertaken to locate and serve the defendant; (3) provides evidence of the defendant's known or last-known contact information; and (iv) states why the alternative form of service comports with due process. *See PlayUp, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2021 WL 5988539, at *2 (D. Nev. Dec. 16, 2021), *citing* Nev. R. Civ. P. 4.4(b)(2); *Eko Brands, LLC v. Houseware Sols., LLC*, No. 2:20-cv-2076-RCJ-BNW, 2021 WL 4149016 at *2 (D. Nev. Aug. 20, 2021); *Huang v. Carney*, No. 2:19-cv-00845-GMN-BNW, 2020 WL 8881742, at *3–4 (D. Nev. Jan. 8, 2020); *Gomez v. State Dep't of Bus. & Indus. Rels.*, No.

2:21-cv-01184-GMN-VCF, 2021 U.S. Dist. LEXIS 201074 at *2 (D. Nev. Oct. 19, 2021).

With respect to the first and second prongs, above, Boxabl has made a good faith effort to locate and serve Tassev in both Nevada and New York pursuant to Nev. R. Civ. P. Rules 4.2 and 4.3, but has been unable to do so. Nev. R. Civ. P. 4.4(a) is inapplicable to this matter, as there is no applicable statute pertaining to service in this case. Boxabl's due diligence to locate and serve Tassev entailed making multiple attempts to effectuate personal service upon Tassev at four separate addresses previously associated with Tassev in both Nevada and New York, conducting multiple public records searches in an effort to determine Tassev's current residential address, and engaging the services of a detective agency to conduct surveillance at the Nevada address listed in Tassev's Employment Application with Boxabl – the same address listed as a current address for Tassev pursuant to the results of GRSM's public records searches.

With respect to the third prong, above, the email addresses and phone number are the last known and reliably sourced contact information of the defendant. Tassev previously provided the address "iani.tassev@me.com" to Boxabl as a contact email address for him. This is the same email address listed as a "possible email address" for Tassev pursuant to the results of GRSM's public records searches, the most recent of which was conducted on October 9, 2023. In addition, upon his departure from Boxabl, Tassev himself provided Iani.tassev@gmail.com and cell phone number (917) 912-9522 to Boxabl as a means of contacting him for notice purposes. (Complaint, Exhibit C, p. 7). Tassev used the yanni@3nerji.com email address in the unlawful transaction that formed the subject matter of the Complaint in this action as was recognized in Boxabl's Verified Complaint. (Complaint, ¶ 25).

Finally, with respect to the fourth prong, above, an alternative service method complies with due process "so long as it is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

objections." *PlayUp, Inc.*, 2021 WL 5988539, at *3, *citing Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Boxabl seeks to provide alternate service using the aforementioned four methods of communication that Boxabl previously observed have been utilized or designated *by Tassev* as means of communication with him. Boxabl's request has been calculated maximize the likelihood of Tassev receiving actual notice of the case against him especially given the likelihood that he has fled the united states for his home country of Bulgaria. Moreover, due process concerns will not be jeopardized if these alternate means of service are used because Tassev affirmatively provided at least three of these contact methods to Boxabl with the understanding that Boxabl would be using them to notify him of any issues under the parties' Severance Agreement. Tassev also approaches this notice issue with unclean hands has he affirmatively misrepresented to Boxabl that 5125 W. Reno Ave, Las Vegas, NV 89118 was a valid address for providing notice to him. (Complaint, Exhibit C, p. 7). Justice requires Tassev not be permitted to utilize his own misrepresentation to Boxabl to shield himself from liability in this action.

  **ii.** **Publication:**

  Service by publication may be ordered where, as here, the defendant (A) cannot after due diligence be found; or (B) by concealment seeks to avoid service of the summons and complaint. See, Nev. R. Civ. P. 4.4 (c). As discussed above, Boxabl has been making diligent efforts since at least July 2023 to attempt to locate and serve Tassev at a residential address. Such efforts included attempting to serve Tassev at the three separate service addressees known to Boxabl, hiring a detective to attempt to locate or confirm additional service addresses of Tassev, serving a Subpoena upon a third party to attempt to obtain the residential address information of Tassev that is needed then attempting to serve him at that fourth possible address. (*See, infra*, Strniste Dec., ¶¶ 6-10; Strniste Supp. Dec. ¶¶ 4-8). Furthermore, given the lack of a professional profile maintained by Tassev, Tassev's likely misrepresentations made to Boxabl about Tassev's

residential address, the nature and severity of the fraud-based claims made against Tassev, and support for the same that Boxabl has collected to date, Boxabl reasonably suspects Tassev is engaging in concealment to avoid service of the summons and complaint. Accordingly, this case meets the conditions to warrant an order for service by publication outlined in Nev. R. Civ. P. 4.4 (c)(1).

Moreover, good cause exists and plaintiff satisfies additional procedural requirements set forth in Nev. R. Civ. P. 4.4 (c)(2) to warrant an order for service by publication. First, Boxabl's detailed pleadings and motion for injunctive relief previously filed with the Court establishes that a cause of action exists against Tassev for Breach of Contract; violation of the Computer Fraud & Abuse Act, 18 U.S.C. § 1030, *et seq.*; violation of the Defend Trade Secrets Act, 18 U.S.C. § 1831, *et seq.*; Conversion; Unjust Enrichment; Breach of the Covenant of Good Faith and Fair Dealing; and for temporary and permanent injunctive relief, stemming from, *inter alia*, Tassev's forgery and exchange of unregistered exempt purported Boxabl stocks via email to purported unexpecting investors of Boxabl by having each purported investor wire funds to his private bank accounts. The Complaint illustrates on its face that Tassev is the sole defendant and a necessary party in this action. Second, Boxabl has provided ample support to establish that it made diligent but unsuccessful efforts to serve Tassev by the usual means provided in Nev. R. Civ. P. 4.4 (a). (*See, infra*; Strniste Dec.; Strniste Supp. Dec.). Third, in its Proposed Order, filed herewith, Boxabl proposes language of the summons to be used in the publication that is reasonably calculated to give Tassev fair and appropriate notice of the proceedings at issue.

Fourth, with respect to service by publication in Nevada, Boxabl lists *Nevada Appeal* or the *Las Vegas Review Journal* as the proposed newspapers for the publication because both are well-known publications of general circulation within the community of Las Vegas, Nevada and surrounding area. Both papers allow for electronic access. Tassev is already on notice that if an action is to be commenced against him concerning the conduct alleged in the Complaint, it

is required to be commenced in Nevada.  (Complaint, Exhibit A, PDF p. 7).

With respect to service by publication in New York, Boxabl lists the *Poughkeepsie Journal* as the proposed newspaper for publication in New York because it is a well-known publication of general circulation within Dutchess County, New York and surrounding area and may be accessed via the internet.  This location within Dutchess County represents the site of one of Tassev's last known New York addresses in Rhinebeck, New York, and also is believed to be the area in which at least one of Tassev's immediate relatives resides.  Overall, Boxabl's suggested newspapers for publication are reasonably calculated to give actual notice to the Defendant of these proceedings.

Fifth, Boxabl has submitted a declaration and other evidence establishing to the best of its knowledge the following information in further support of its request. **(i)** the defendant's last-known address and **(ii)** the dates during which the defendant resided at that location **(iii)** confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found. (See, infra, Strniste Dec., ¶¶ 7-11; Complaint, ECF No. 15, Exhibit E, p. 7; Strniste Supp. Dec. ¶¶ 4-9).

**B.     Good Cause Justifies an Extension of Time to Serve Tassev with the Complaint**

Fed. R. Civ. P. 4(m) states, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Pursuant to Fed. R. Civ. P. 4(m), Boxabl seeks the issuance of an Order to enlarge the limitations period to serve Tassev with the Summons and Complaint. Based on the Order of the

Court issued after the status conference of October 25, 2023 (see ECF No. 46)[1], Boxabl has until November 30, 2023 to effectuate service of the Complaint. Boxabl requests additional time until January 31, 2024, or another reasonable time period to be ordered by the Court, to serve Tassev with the Complaint via email, and publication, as requested herein. Boxabl's proposed deadline extension is being requested to enable the Plaintiff to have sufficient time coordinate publication of notices with third party representatives of local newspaper(s), particularly during a busy holiday season, and to enable Plaintiff to meet publication deadlines for publication over a course of multiple weeks if so ordered by the Court.  The proposed deadline extension has also been proposed to account for a possibility that a Court's Order may not be able to be issued immediately after the date in which this motion is submitted.

Even if service by publication and/or email and text message is not ordered a deadline extension is still warranted to allow Plaintiff one final attempt to locate Tassev's residence as Plaintiff has only been made aware of a new possible address on November 27, 2023 and the service delay is due to no reasonable fault of the Plaintiff.  Indeed despite its best efforts to serve Tassev in both New York and Nevada, Boxabl has been unable to do so, due to the suspected fact that Tassev has kept his location concealed, so to avoid discovery and due to Tassev's own misrepresentation about his viable service address.  Tassev should not be permitted to benefit from this malfeasance. Accordingly, Boxabl respectfully submits that its request for an extension of time to serve the Complaint should be granted.

### III. CONCLUSION

For the reasons set forth above, Boxabl respectfully requests that the Court grant the following relief as is set forth in greater detail in Boxabl's Proposed Order filed herewith:

---

[1] Docket entry received by email.

1. Extend Plaintiff's time to complete service of the Summons and Verified Amended Complaint (ECF No. 15, "Complaint") upon the defendant, Yanni Tassev a/k/a Iani Tassev to and including January 31, 2024; and

2. Permit Plaintiff to serve the Summons and Complaint by email and text message or alternatively, by publication.

Dated: December 1, 2023

                                       Respectfully submitted,

/s/ *Peter E. Strniste, Jr.*

Lori N. Brown, Esq. (SBN 8858)
**GORDON REES SCULLY MANSUKHANI, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
Email: lbrown@grsm.com

-AND-

Peter E. Strniste, Jr., Esq. (NY Bar No. 5373188)
*Admitted Pro Hac Vice*
**GORDON REES SCULLY MANSUKHANI, LLP**
One Battery Park Plaza, 28th Floor
New York, NY 10004
Telephone: (212) 269-5500
Facsimile: (212) 269-5505
Email: pstrniste@grsm.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2023, I caused a copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF System which will notify all counsel of record.

*/s/ Jessica C. Gerblick*