# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Boxabl, Inc., | |
| Plaintiff(s), | 2:23-cv-0760-CDS-VCF |
| v. | **ORDER** |
| Yanni Tassev a/k/a Iani Tassev, | |
| Defendant(s). | |

Before the Court is plaintiff's motion serve by publication and email and to extend time to serve amended complaint. ECF No. 47.

Plaintiff is requesting up to and including January 31, 2024, to serve process on Yanni Tassev a/k/a Iani Tassev, and seeks service by publication, email, and text message under Rule 4(e)(1).

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The 90-day time limit imposed by Rule 4(m) expires 90 days after the first complaint in which the defendant is named..." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)(emphasis added). The 90–day time limit for service does not restart each time a plaintiff files a new amended complaint. *Id.* The district court may extend time for service of process retroactively after the 90-day service period has expired. See *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

The complaint was filed on April 27, 2023. The deadline to effectuate service of process was July 26, 2023. *Id*; Fed. R. Civ. P. 4(m). Plaintiff states that the process server has made numerous attempts

to serve defendant at his last known addresses, but service was unsuccessful. On August 16, 2023, the court granted Plaintiff's initial request of a 30-day extension to perfect service on defendant Tassev. (ECF No. 39). In September, the court extended the time to perfect service to October 11, 2023. (ECF No. 43). On October 11, 2023, Plaintiff requested a third extension to perfect service. Judge Silva extended the time to complete service to October 25, 2023. (ECF No. 45). On December 1, 2023, Plaintiff requests an additional 30 days to perfect service on defendant and service by publication, email, and text message under Rule 4(e)(1). (ECF No. 47).

In the declaration of Peter E. Strniste, Jr., plaintiff has engaged the services of a detective agency to conduct surveillance at the Nevada address listed in Tassev's Employment Application with Boxabl, 5125 W. Reno Ave., Apt. 2037, Las Vegas, NV 89118, in an effort to serve him with the Complaint and Emergency Motion but has been unsuccessful in numerous attempts. ECF No. 47-1, page 2. Plaintiff has conducted public records search, residential searches, and employment verification searches but all attempts have been unsuccessful. *Id.*

**Service By Publication**

Pursuant to Federal Rule of Civil Procedure 4(e)(1), "an individual – other than a minor, an incompetent person, or a person whose waiver had been filed – may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Rule 4.4(c) of the Nevada Rules of Civil Procedure, when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made,

1  and that the defendant is a necessary or proper party to the action, such court or judge may grant an order
2  that the service be made by the publication of summons.

3  Nevada Rules of Civil Procedure 4.4(c)(1) establishes the conditions for publication. Service by
4  publication may only be ordered when the defendant: (A) cannot, after due diligence, be found; (B) by
5  concealment seeks to avoid service of the summons and complaint; or (C) is an absent or unknown person
6  in an action involving real or personal property. Under NRCP 4.4(c)(2), which the court is required to
7  follow for service by publication in federal action, requires the party seeking service by publication, based
8  on the fact that defendant cannot be found, to submit an affidavit of due diligence, declarations, or other
9  evidence verifying:

10  (1) the last known address of the defendant;

11  (2) the dates during which the defendant resided at that location, and,

12  (3) confirmation that the plaintiff is unaware of any other address at which the defendant has
13  resided since that time, or at which defendant can be found.

14  **Service by Mail**

15  Under Nevada Rule of Civil Procedure 4.4(c)(4)(B), "if publication is ordered and the
16  plaintiff is aware of the defendant's last-known address, the plaintiff must also mail a copy of the
17  summons and complaint to the defendant's last-known address."

18  **Service by Email**

19  Federal Rule of Civil Procedure 4(e)(1) provides, in relevant part, that service of process on
20  an individual that conforms with state law "in the state where the district court is located or where
21  service is made" is proper in federal court. As relevant here, Nevada Rule of Civil Procedure
22  4.4(d)(1) permits service by email in addition to any other service method as a "reasonable effort[]
23  to provide additional notice of the commencement of the action." Similarly, the Ninth Circuit
24  permits service by email when it is "reasonably calculated, under all the circumstances, to apprise

the interested parties of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (quotation omitted) (analyzing email service in the context of an international defendant).

**Discussion**

Plaintiff asserts that after diligent effort, it is unable to serve Yanni Tassev a/k/a Iani Tassev within the state of Nevada. (ECF No. 47-1 at p. 1). In support of this assertion, Plaintiff has provided the court with an affidavit of attempted services. *Id.* The last known address(es) for Yanni Tassev is 5125 W Reno Ave., Apt. 2037, Las Vegas, NV 89118. Service at these addresses were unsuccessful. *Id.*

The court finds that pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1), permitting service by publication of the Summons and Complaint on Yanni Tassev a/k/a Iani Tassev is warranted. Pursuant to Rule 4(e)(1)(iii), the publication must be made in a newspaper, published in the State of Nevada, for a period of 4 weeks, and at least once a week during said time. Nev. R. Civ. P. 4(e)(1)(iii).

The time to effectuate service upon defendant expired on November 30, 2023, and plaintiff must make a showing of good cause or excusable neglect in order for the court to extend this deadline for an appropriate period. *See* Fed. R. Civ. P. 4(m); *Lemoge*, 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively).

Here, the court finds that good cause warrants extending the service of process deadline.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that plaintiff's motion serve by publication and email and to extend time to serve amended complaint (ECF NO. 47), is GRANTED. A copy of the Summons and Complaint must be mailed to Yanni Tassev a/k/a at his last known addresses by certified U.S. Mail, return receipt requested.

IT IS FURTHER ORDERED that the time to perfect service of process on Yanni Tassev a/k/a Iani Tassev, is extended to February 29, 2024.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1)(i) and (iii), the Summons in this action must be served by publication in a newspaper, published in the state of Nevada, for a period of four weeks and at least once a week during that time.

IT IS FURTHER ORDERED that plaintiff must email a copy of the Summons and Complaint and a copy of this order to Yanni Tassev a/k/a Iani Tassev at his last known email address.

IT IS SO ORDERED.

DATED this 2nd day of January 2024.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE