UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Boxabl Inc., <br><br>　　　　　Plaintiff(s), <br><br>vs. <br><br>Yanni Tassev., <br><br>　　　　　Defendant(s). | 2:23-cv-00760-CDS-MDC <br><br> ORDER GRANTING MOTIONS (ECF Nos. 56, 57) IN PART |

Pending before the Court are non-parties' *Motions for Protective Order* (ECF No. 56, 57). For the reasons stated below, the Court GRANTS the Motions in PART.

**DISCUSSION**

**I.　BACKGROUND**

This is a case arising from an alleged "breach of contraction; violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030, *et seq.*; the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1831, *et seq.*; conversion; unjust enrichment; and breach of the covenant of good faith and fair dealing." ECF No. 15 at ¶ 9.

This case was originally filed in the Southern District of New York on April 27, 2023. *See* ECF No. 1. Thereafter, the case was transferred into this District of Nevada. *See* ECF Nos. 12, 13. An Amended Complaint was filed on July 5, 2023. ECF No. 15. Plaintiff moved for a series of extensions to serve defendants and ultimately moved for service by publication. *See* ECF No. 47. The Court granted the motion for service by publication, and plaintiff subsequently filed a declaration of service. *See* ECF Nos. 48, 50. Defendant did not respond or otherwise file an answer to the Amended Complaint. Consequently, the Court ordered plaintiff to move for default against defendant or otherwise show cause why it has not done so. ECF No. 51. On July 11, 2024, plaintiff filed a response to the order to show cause and moved for an entry of default against defendant. ECF Nos. 52, 53. Thereafter, the Clerk

entered a Clerk's Entry of Default against defendant for failing to plead or otherwise defendant in this action. ECF No. 54.

Now pending before the Court are two Motions for Protective Order (ECF Nos. 56, 57). Non-parties Gregory Ehlers and Jonathan Garman seek a protective order under Rules 26(c) and 45(d)(3) of the Federal Rules of Civil Procedure and precluding or limiting the discovery plaintiff may pursue. Both non-parties' arguments are based in part on (1) the Clerk's entry of default against defendant and (2) the fact that there is a separate pending litigation between plaintiff and non-party.[1]

## II. LEGAL STANDARD

### A. Rule 26 – Discovery In General

Discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, which reads in relevant part that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except…when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "Courts apply a good cause standard in considering motions to expedite discovery." *Twitch interactive, Inc. v. Johnston*, 2017 U.S. Dist. LEXIS 44863, at *5 (N.D. Cal. March 27, 2017) (internal citations and quotations omitted).

//

---

[1] Mr. Ehlers claims that there is a pending matter in state court against Boxabl that is set to go to trial on November 12, 2024. ECF No. 56 at 1. Mr. Garman similarly argues that there is a pending litigation between Garman and Boxabl in an unrelated case where discovery is currently stayed pending a motion to compel arbitration. ECF No. 57.

## III. ANALYSIS

Rule 26 of the Federal Rules of Procedure are clear. "A party may **not** seek discovery from any source *before the parties have conferred* as required by Rule 26(f), except…when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis added). Rule 30(b) is also clear. A party **must** obtain leave of court to take a deposition if the parties have not stipulated to the deposition and the parties have not met and conferred regarding the case scheduling. *See* Fed. R. Civ. P. 30(b). Because defendant Tassev defaulted under Rule 55(a), there has been no stipulation regarding depositions nor a meet and confer regarding case scheduling. Plaintiff did not seek leave of court to conduct discovery prior to a Rule 26(f) conference. Therefore, plaintiff's subpoenas seeking third-party discovery from Gregory Ehlers and Jonathan Garman are procedurally improper. *See i.e.*, *Alstom Power, Inc. v. Graham*, Case No. 3:15cv174, 2016 U.S. Dist. LEXIS 10112, at *5 (E.D. Va. Jan. 27, 2016) ("Here, because Graham has defaulted, the parties have not conferred as required by Rule 26(f). Accordingly, unless this Court allows Alstom Power to conduct discovery, none can be sought."); *Intouch Mktg. Inc. v. Anzaldua*, 2024 U.S. Dist. LEXIS 78064 (C.D. Cal. March 1, 2024) ("Because Defendants have not appeared, the parties have neither stipulated to any depositions nor met and conferred regarding case scheduling. Plaintiffs' motion for leave to conduct third-party discovery is therefore GRANTED.").

//
//
//
//
//
//
//
//

Accordingly, the Court grants the nonparties' Motions for Protective Orders (ECF Nos. 56, 57) in part. The protective orders are granted to the extent that plaintiff's subpoenas are procedurally improper. The Court does not address the substantive merits of the matters raised by the motions (ECF Nos. 56, 57) at this time.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motions for Protective Orders* (ECF No. 56, 57) are GRANTED IN PART, as outlined below:

    a. Nonparties are not required to answer any subpoenas at this time. However, this does not preclude plaintiff from serving future subpoenas **after** plaintiff has sought and been granted leave of court to conduct such discovery.

2. If plaintiff wishes to conduct limited discovery, it must seek leave of court by no later than **January 31, 2025**.

DATED this 10th day of December 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge